IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>EDWARD R. HANSEN,<br><br>        Defendant. | 4:18CR3140<br><br>**FINDINGS, RECOMMENDATION, AND ORDER** |

Defendant has filed a motion to suppress evidence obtained during the search of his residence pursuant to a warrant. Defendant argues the warrant application included evidence the affiant officer found when the officer examined the garbage in Defendant's trash container sitting next to his garage, this trash pull violated Defendant's Fourth Amendment rights, and absent the information unlawfully seized during the trash pull, the warrant application lacks a showing of probable cause. Defendant further argues that the officers cannot rely on the Leon good faith exception as a defense to suppression. (Filing No. 20).

For the reasons discussed before, the motion to suppress should be denied.

STANDARD OF REVIEW

A warrant is supported by probable cause "if there is a fair probability that contraband or evidence of a crime will be found in the place to be searched," and probable cause is assessed "from the viewpoint of a reasonably prudent police officer acting in the circumstances of a particular case." United States v. Reinholz, 245 F.3d 765, 776 (8th Cir. 2001). "The determination of whether or not

probable cause exists to issue a search warrant is to be based upon a common-sense reading of the entire affidavit." United States v. Seidel, 677 F.3d 334, 338 (8th Cir. 2012) (internal quotations omitted).

> [T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants. . . must be tested and interpreted by . . . courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.

United States v. Ventresca, 380 U.S. 102, 108 (1965).

## FACTS OF RECORD

1. <u>The warrant application</u>.

The affiant officer, Officer Paul Deaver of the Ord Police Department, submitted the warrant application to a judge in Valley County, Nebraska, on April 3, 2017. The warrant affidavit states:

Prior to April 3, 2017, Deaver had contact with Edward R. Hansen, who resides with his girlfriend, Jessica L. Proskocil, at a residence in Ord, Nebraska. The officer knew Hansen had a felony record for attempted possession with intent to distribute illegal drugs.

On April 3, 2017, the affiant officer reviewed a Firearms Transaction Record which confirmed that Proskocil lived with Hansen and indicated Proskocil purchased a twelve-gauge shotgun on September 14, 2016.

In April of 2017, JJ Sanitation provided the garbage hauling services for Defendant's residence. On April 3, 2017, Officer Jessica Sevigny rode as a passenger in the garbage truck. The truck drove to Hansen's residence, arriving there at 11:40 a.m. Officer Sevigny saw Hansen's trash receptacle on the east side of the garage, retrieved the trash container and brought it to the truck. The five trash bags within the container were placed into the back of the garbage truck, and those bags were then delivered to the Ord Fire Department.

At the fire department, Officers Sevigny and Deaver sorted through the garbage and found:

- a 0.896 scale weight ziplock bag with plant contents that smelled like, and field-tested as, marijuana;

- food saver bags that smelled like marijuana;

- five firearms magazines;

- an HR Block document which confirmed that Hansen lived at the address and outlined multiple transactions for purchasing gun related accessories;

- an invoice for purchasing a parts kit to modify a Glock or similar type firearm; and

- multiple bags that were resealed and cut open.

([Filing No. 22-1](#))

3

2. Defendant's affidavit.

Defendant submitted additional evidence in support of his motion for a Franks hearing, claiming that the affiant officer concealed material facts, and had those facts been included in the application, the judge would not have issued the warrant. The alleged concealed facts are:

- the sanitation company was instructed not to drive on Hansen's driveway to collect garbage;

- despite this instruction, the garbage truck drove onto Defendant's driveway on April 3, 2017;

- Defendant's trash was not supposed to be picked up by the garbage hauler on Hansen's garbage pick-up day (Monday) unless it was located at a public site; and

- when the trash was collected by Officer Sevigny, the trash container was located next to Defendant's garage, not at a public location.

([Filing No. 22-1](#)).

## ANALYSIS

Defendant argues that Deaver's warrant affidavit includes illegally obtained evidence. He asserts that "under both a trespass theory and a reasonable expectation of privacy theory, Hansen's Fourth Amendment rights were violated by Officer Deaver entering upon his private property and illegally seizing his garbage." ([Filing No. 21, at CM/ECF p. 4](#)). Defendant further argues he is entitled to a Franks hearing because the warrant affidavit omitted critical facts—that

4

Defendant's trash was seized from a private location by trespassing onto Defendant's property. (Filing No. 21, at CM/ECF p. 5).  Finally, he argues the officers cannot rely on the Leon good faith exception to the exclusionary rule.

As recently explained by the Eighth Circuit, "[a] warrantless search of an individual's trash violates the Fourth Amendment only where the individual has a 'subjective expectation of privacy in [the] garbage that society accepts as objectively reasonable.'" United States v. Thompson, 881 F.3d 629, 632 (8th Cir. 2018) reh'g denied (Mar. 15, 2018) (quoting California v. Greenwood, 486 U.S. 35, 39 (1988)). In Thompson, the defendant argued that because his "trash was left in a container next to his garage—rather than on a street curb—the trash was within the curtilage of his home and thus he retained a reasonable expectation of privacy in it." Thompson, 881 F.3d at 632. The Eighth Circuit rejected this argument, explaining "It is well established that there is no reasonable 'expectation of privacy in trash left for collection in an area accessible to the public,'" and even assuming the trash was within the curtilage of Defendant's home, the proper focus is "whether the garbage was readily accessible to the public so as to render any expectation of privacy objectively unreasonable." Thompson, 881 F.3d at 632 (quoting United States v. Comeaux, 955 F.2d 586, 589 (8th Cir. 1992). Where the garbage container was easily visible from the street, with no barriers (e.g., a fence) preventing access to the container or its contents, the defendant in Thompson had knowingly exposed his garbage to the public. As such, he retained no objectively reasonable expectation of privacy in the trash. Thompson, 881 F.3d at 632. See also, United States v. Comeaux, 955 F.2d 586 (8th Cir.1992) (holding there is no reasonable expectation of privacy in the contents of a garbage can that is readily accessible to the public, even when the receptacle is located within the curtilage of a residence).

5

Even assuming Officer Deaver entered the curtilage of Defendant's residence to retrieve the trash container, by placing his trash container in the open and adjacent to his garage, Defendant exposed the contents of that container to the public. As such, he had no reasonable expectation of privacy as to the contents of that trash container. Defendant's Fourth Amendment rights were not violated when the officers inspected his garbage, and the warrant affidavit, as written, supports a finding of probable cause to search Defendant's residence. See United States v. Briscoe, 317 F.3d 906, 908 (8th Cir. 2003) (finding probable cause based solely on evidence of illegal drug activity found in trash pulled from outside a suspect's home).

Defendant requests a Franks hearing, arguing Officer Deaver omitted the location of the trash container in his warrant affidavit. However, the fact that the container was adjacent to Defendant's garage and not in a public area was not material to the finding of probable cause. As such, failing to include the location of the trash container in the warrant affidavit does not provide a basis for a Franks hearing. United States v. Phillips, 88 F.3d 582, 586 (8th Cir. 1996) (holding Defendant must show that had the omitted information been included, the affidavit would not have supported a finding of probable cause).

Moreover, under the good-faith exception to the exclusionary rule, evidence seized pursuant to a search warrant will not be suppressed if the executing officers' reliance upon the warrant was objectively reasonable. United States v. Leon 468 U.S. 897, 916 (1984). The good-faith exception does not apply when 1) the judge issuing the warrant was misled by an affiant's misrepresentations or omissions; 2) the issuing judge wholly abandoned his or her judicial role; 3) the affidavit is so lacking in indicia of probable cause that official belief in its existence is entirely unreasonable; or 4) the warrant is so

6

facially deficient that the officers cannot reasonably presume it to be valid. Id. at 923.

The affidavit on its face provides a basis for finding probable cause, the warrant was not facially deficient, and there is no evidence the Valley County judge rubber-stamped the warrant. There is also no evidence that any information within the affidavit is false, and based on the foregoing legal reasoning, there is no showing a reasonable officer would believe the trash pull was unlawful or that the location of the trash container was material, the omission of which would mislead the judge reviewing the application. Even if the court found that the warrant was deficient because it did not include the facts within Defendant's affidavit, the search of Defendant's residence would still be valid under the Leon good-faith exception.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, Senior United States District Judge,  pursuant to 28 U.S.C. § 636(b), that the motion to suppress filed by the defendant (Filing No. 20) be denied in its entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED that the jury trial of this case is set to commence before Richard G. Kopf, Senior United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on **February 19, 2019**, or as soon thereafter as the case may be called, for a duration of three (3) trial days. Jury selection will be held at the commencement of trial.

January 15, 2019.                    BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge