IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:18CR3140 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| EDWARD R. HANSEN, | ) | |
| | ) | |
| Defendant. | ) | |

On January 15, 2019, Magistrate Judge Cheryl R. Zwart made proposed findings of fact and recommended that Defendant's motion to suppress and request for an evidentiary hearing (filing 20) be denied in all respects (filing 25). Defendant has filed a timely statement of objections to the findings and recommendation (filing 28). He argues in a supporting brief (filing 29) that a search warrant for his residence was not supported by probable cause, and that he is entitled to a *Franks* hearing because of material omissions in the affidavit submitted by law enforcement.

Upon de novo review, I find that the findings and recommendation should be adopted, as modified by this memorandum. *See* Fed. R. Crim. P. 59(c).

I. DISCUSSION

Defendant has been charged with possession of a firearm by a felon.[1] Police officers found firearms and ammunition when they executed a search warrant at Defendant's residence in Ord, Nebraska, on April 3, 2017.

---

[1] The indictment charges that Defendant was convicted of attempted possession of a controlled substance with intent to deliver in case number CR09-1 in the District Court of Garfield County, Nebraska, and on April 3, 2017, he knowingly possessed 4 rifles, 3 pistols, 2 shotguns, and ammunition (filing 1).

Defendant has moved to suppress all evidence obtained as a result of that search, and also all evidence obtained as a result of a trash pull that preceded the search of his residence (filing 20). Defendant requested a *Franks* hearing and in support thereof presented a copy of the affidavit that was used to obtain the search warrant (filing 22-1) and his own affidavit (filing 22-2). A copy of the search warrant was not submitted as an exhibit.

The affidavit for the search warrant was prepared by Officer Paul Deaver of the Ord City Police Department and was submitted to the County Court of Valley County, Nebraska. The affidavit provides information showing that Defendant is a convicted felon and that his girlfriend, who resides at the same address in Ord, was known to have purchased a 12-gauge shotgun on September 14, 2016. Officer Deaver then describes the trash pull that he and Officer Jessica Sevigny conducted at that address on April 3, 2017:

> On April 3, 2017, JJ Sanitation employee Thaine Horsley drove the garbage truck to 1114 T Street, Ord, NE 68862, to retrieve the trash. I personally rode in the cab of the garbage truck. When the truck arrived at approximately 1140 hours, I saw the trash receptacle placed on the East side of the garage at 1114 T Street, Ord, NE. I got out of the truck and physically brought the trash container to the truck. Thaine Horsley operated the hydraulic levers to have the garbage dumped into the back of the garbage truck. The five (5) bags of trash were placed into the back of the garbage truck. The garbage truck operator Thaine Horsley got back into the truck and drove it to the Ord Fire Department. I rode with Horsely [*sic*] to the Ord Fire Department. Once at the Ord Fire Department, Officer Sevigny and I unloaded the trash and carried it into the building. The above property is located in Valley County Nebraska.

(Filing 22-1, p. 2 (paragraph numbering omitted)).

Items discovered during the search of the trash included a ziplock bag containing plant matter that field tested positive for marijuana; pieces of other food

saver bags that had a distinct odor of marijuana; several gun parts store magazines; financial records showing several purchases from gun parts stores; and an invoice for a parts kit to modify a Glock or similar firearm (filing 22-1, pp. 2-3). Officer Deaver requested a no-knock warrant to be served during nighttime hours which would allow for the search of premises, buildings, vehicles and persons at 1114 T Street and allow for the seizure of firearms, gun parts and ammunition, marijuana and other controlled substances, items associated with drug distribution and drug paraphernalia, and any cellular telephones (filing 22-1, p. 4).

Defendant's affidavit states in pertinent part:

I resided at 1114 T Street, Ord, NE, from approximately 2013 until April 5, 2017.

When I resided at 1114 T Street, Ord, NE, the normal weekly pick-up day for garbage was on Monday. Further, if trash was to be collected, which wasn't every week but only when necessary, my girlfriend or I would roll the trash receptacle from the private property next to my residence to a public property location (approximately 200ft to the east where others had placed theirs) for pick-up. If either of us did not place the trash receptacle at this public property location the refuse was not intended to be collected that week.

Initially, during the first fall living there I had noticed, and caught them while driving through, I expressed to the driver it was tearing up the driveway, and then was instructed where to place the receptacle.

On Monday, April 3, 2017, I did not roll the trash receptacle to the public collection point. Instead, the trash collector and law enforcement crossed over onto private my [*sic*] property and collected the trash.

(Filing 22-2, p. 1 (paragraph numbering omitted)).

In objecting to the magistrate judge's findings and recommendation, Defendant has renewed his request for an evidentiary hearing and has submitted a "diagram of 1114 T Street, Ord, NE," which appears to be a photocopied satellite map of the property with notations showing the location of the "house," "garage," "dumpster," and "normal place for garbage pick-up" (filing 30). In response, the government has submitted a "Google map"[2] showing the same property (filing 32).[3] Both exhibits show the house and detached garage are set back a considerable distance to the west[4] of "S 11th St," and are accessible from that street at two locations via a U-shaped gravel road (presumably, the "driveway" referenced in Defendant's affidavit), which is labeled throughout as "S St" on both exhibits.[5] At neither access point does "S St." continue directly across "S 11th St." But located a short distance from the southern access point is a road labeled "T St," which connects to the east side of "S 11th St." The "normal place for garbage pick-up" is close to "S 11th St," on the north branch of "S St." At other end of the property, "S St" passes behind the house (relative to "S 11th St") and in front of the garage, which is located only a short distance northwest of the house. The "dumpster" is located on the east side the garage, at the end nearest the

---

[2] The government's exhibit is far more clear.

[3] Our local rules do not permit additional evidence to be offered in support of objections to a magistrate judge's findings and recommendation unless the magistrate judge has held a hearing and the objecting party makes a good cause showing. *See* NECrimR 59.2(b)(2) ("A party may not offer additional evidentiary materials; however, if the magistrate judge held an evidentiary hearing, the objecting party may request a supplemental hearing to offer additional evidence. The district judge may hold the supplemental hearing if the party shows good cause why the evidence was not presented to the magistrate judge."). However, because the government has not objected, I will consider Defendant's "diagram" along with the "Google map."

[4] The parties' exhibits do not include compass directions, but Defendant in his affidavit describes the "public property location" for trash pick-up as being located 200 feet east of the "private property next to [his] residence" (filing 22-2, p. 1).

[5] This labeling appears inaccurate, because Defendant's address is on T Street.

house. There are several large trees situated directly between "S 11th St" and both the house and garage.

Judge Zwart recommends that Defendant's motion to suppress and request for an evidentiary hearing be denied because "[e]ven assuming Officer Deaver entered the curtilage of Defendant's residence to retrieve the trash container, by placing his trash container in the open and adjacent to his garage, Defendant exposed the contents of that container to the public," and, "[a]s such, he had no reasonable expectation of privacy as to the contents of that trash container" (filing 25, p. 6). *See United States v. Thompson*, 881 F.3d 629 (8th Cir. 2018) (warrantless searches of defendant's trash placed next to his garage did not violate Fourth Amendment).

The Eighth Circuit's ruling in *Thompson* was based on findings of fact that the defendant's trash container, although left next to his garage rather than at the curb, was placed at the location from which trash was regularly collected, was easily visible from the street, and there were no barriers preventing access to the container or its contents. The Court stated:

> It is well established that there is no reasonable "expectation of privacy in trash left for collection in an area accessible to the public." [*California v. Greenwood*, 486 U.S. 35, 41, 108 S.Ct. 1625 (1988)]. Thompson argues that because the trash was left in a container next to his garage—rather than on a street curb—the trash was within the curtilage of his home and thus he retained a reasonable expectation of privacy in it. Yet, assuming the trash was within the curtilage of Thompson's home, "the proper focus under *Greenwood* [remains] whether the garbage was readily accessible to the public so as to render any expectation of privacy objectively unreasonable." *United States v. Comeaux*, 955 F.2d 586, 589 (8th Cir. 1992) (internal quotation marks omitted).<sup>6</sup>

---

<sup>6</sup> In *Comeaux*, the Eighth Circuit upheld the warrantless search of trash in plastic garbage bag which was on top of a garbage can next to defendant's garage,

The district court found that Thompson's trash was readily accessible to the public. We agree. The trash was placed in a location from which the garbage collectors regularly collected it at the regularly-scheduled time of collection, suggesting it was placed there "for the express purpose of having strangers take it." *See Greenwood*, 486 U.S. at 40-41, 108 S.Ct. 1625 (1988). Presumably, these strangers might "sort[ ] through [the] trash or permit[ ] others, such as the police, to do so." *Id.* at 40, 108 S.Ct. 1625. The garbage container was easily visible from the street, and there were no barriers preventing access to the container or its contents. *See United States v. Segura-Baltazar*, 448 F.3d 1281, 1288 (11th Cir. 2006) (finding no reasonable expectation of privacy in trash containers left next to garage where they were "plainly visible and accessible from the street"); *see also United States v. Hedrick,* 922 F.2d 396, 400 (7th Cir. 1991) ("[T]he absence of a fence or any other barrier [is one indicator] that the garbage was knowingly exposed to the public"). Based on these facts, we find that Thompson had no objectively reasonable expectation of privacy in the trash. We therefore conclude that Thompson's motion to suppress was properly denied.

*Id.* at 632.

In the present case, by contrast, Defendant claims his trash was not left at its regular collection point, which was located about 200 feet away from his garage. Defendant contends the garbage truck used his driveway to reach the trash receptacle, and also contends this was done contrary to a long-standing agreement he had with the garbage collection service.[7] Defendant states he did not intend for the trash to be

---

even assuming the can was within the curtilage of defendant's home, where the trash was readily accessible to the public, in that the officer did not even have to leave his van, which was parked in alley, to retrieve the garbage. *See* 955 F.2d at 589.

[7] Defendant argues that the trash pull was accomplished through an unlicensed physical intrusion onto his property. *See Fla. v. Jardines*, 569 U.S. 1, 133 S. Ct. 1409 (2013) (finding no need to decide whether use of trained police dogs to investigate defendant's home violated his expectation of privacy because officers trespassed to

collected on April 3, 2017, because the receptacle had not been moved to the agreed-upon location for pick-up.

Judge Zwart states that "failing to include the location of the trash container in the warrant affidavit does not provide a basis for a *Franks* hearing" because "the fact that the container was adjacent to Defendant's garage and not in a public area was not material to the finding of probable cause" (filing 25, p. 6). But while *Thompson* and *Comeaux* held that a warrant was not required to search a trash container even if it was located in the curtilage of a defendant's home, both decisions turned on facts which established that the container was readily accessible to the public.

In *Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S.Ct. 2674 (1978), the Supreme Court held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause," a hearing must be held at the defendant's request." The Eighth Circuit, however, "has extended *Franks* to allow challenges to affidavits based on deliberate or reckless omissions." *United States v. Gater*, 868 F.3d 657, 659 (8th Cir. 2017), *cert. denied*, 138 S. Ct. 751 (2018) (citing *United States v. Reivich*, 793 F.2d 957, 960-61 (8th Cir. 1986)). Thus, in this circuit, "the Fourth Amendment requires a hearing where the defendant makes a substantial preliminary showing that (1) the affiant omitted facts with the intent to mislead the issuing judge, or omitted the facts in reckless disregard of the fact that the omissions would mislead, and (2) the affidavit, if supplemented by the omitted information, could not support a finding of probable cause." *Id.* at 659-60.

---

gather evidence); *United States v. Wells*, 648 F.3d 671 (8th Cir. 2011) (affirming suppression of evidence seized pursuant to a warrant from an outbuilding officers had observed while standing on a portion of a driveway that was within the curtilage of defendant's home).

"This substantiality requirement is not met lightly and requires a defendant to offer specific allegations along with supporting affidavits or similarly reliable statements." *United States v. Gonzalez*, 781 F.3d 422, 430 (8th Cir. 2015); *see Franks*, 438 U.S. at 171, 98 S.Ct. 2674 ("To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof."). The government argues Defendant's affidavit fails to show that Officer Deaver acted with reckless disregard for the truth in failing to provide a more detailed description of the trash receptacle's location.

"Under *Reivich*, the failure to include the information and a reckless disregard for its consequences may be inferred from the fact that the information was omitted. However, in order for this inference to be valid, the defendant must show that the omitted material would be 'clearly critical' to the finding of probable cause." *United States v. Jacobs*, 986 F.2d 1231, 1235 (8th Cir. 1993) (internal quotation and citation omitted). Whether a trash receptacle is "readily accessible to the public" is clearly critical to determining the constitutionality of a warrantless trash pull under the Eighth Circuit's holdings in *Thompson* and *Comeaux*.

Officer Deaver's affidavit only indicates that when he arrived at Defendant's residence as a passenger in the cab of the garbage truck, he "saw the trash receptacle placed on the East side of the garage at 1114 T Street, Ord, NE, ... got out of the truck and physically brought the trash container to the truck" (filing 22-1, p. 2). The garbage truck at this time presumably was stopped on the gravel road or driveway between the house and the garage, and was approximately 200 feet away from South 11th Street.

Arguably, Officer Deaver acted with reckless disregard of misleading the county court judge when he failed to include such information in the search warrant affidavit. However, if what is marked on the parties' exhibits as "S St" is a public

8

road, then such information would be immaterial under the Eighth Circuit's holding in *Thompson*. Defendant has not presented evidence that "S St" is a private driveway, nor has Defendant shown that the officers knew or should have known that his trash was normally collected at a different location. His affidavit, even if supplemented with the "diagram" which is submitted in support the statement of objections and renewed request for an evidentiary hearing, is therefore deficient. Speculation of the officers' knowledge is inadequate to show entitlement to a *Franks* hearing. *See United States v. Mazzulla*, No. 4:17CR3089, 2017 WL 7693363, at *6 (D. Neb. Dec. 20, 2017), *report and recommendation adopted*, 2018 WL 922134 (D. Neb. Feb. 15, 2018).

To be entitled to a *Franks* hearing, Defendant must also show that the search warrant affidavit, if supplemented with the omitted information, would not be sufficient to support a finding of probable cause. *See Jacobs*, 986 F.2d at 1235. In this regard, I find that even if the list of items discovered as a result of the trash pull were stricken from the affidavit, there would still be sufficient information from which to conclude that evidence of the crime for which Defendant is now charged was likely to be found on the premises.

To convict Defendant of being a felon in possession of a firearm under 18 U.S.C. § 922(g), the government must prove: "(1) that [Defendant] had a previous conviction for a crime punishable by imprisonment exceeding one year, (2) that he knowingly possessed the firearms and ammunition, and (3) that the firearms and ammunition traveled in or affected interstate commerce." *United States v. Green*, 835 F.3d 844, 852 (8th Cir. 2016). "A defendant knowingly possesses a firearm if he has actual or constructive possession of it, and the possession can be sole or joint." *Id.* "Constructive possession of the firearm is established if the person has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself." *Id.*

"Probable cause has been shown if the warrant application and affidavit describe circumstances showing 'a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Robinson*, 536 F.3d 874, 877 (8th Cir. 2008) (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317 (1983)). "The magistrate's determination should be based on practical, common-sense factors, given the totality of the circumstances set out in the affidavit." *Id.*

Here, the search warrant affidavit describes Defendant's felony conviction and states that his cohabiting girlfriend purchased a 12-gauge shotgun on September 14, 2016, listing her address as 1114 T Street, Ord, NE. Defendant argues this is stale information, but "[i]nformation that someone is suspected of possessing firearms illegally is not stale, even several months later, because individuals who possess firearms tend to keep them for long periods of time." *United States v. Neal*, 528 F.3d 1069, 1074 (8th Cir. 2008). "For example, in *United States v. Maxim*, 55 F.3d 394, 397 (8th Cir.1995), [the Eighth Circuit] held that information four months old, or even three years old, may supply probable cause for a warrant to search the home of a person suspected of illegal possession of a firearm, due to the continuing nature of the possession offense and the tendency for firearms enthusiasts to keep their weapons for long periods of time." *United States v. Kennedy*, 427 F.3d 1136, 1142 n. 5 (8th Cir. 2005). The fact that Defendant's girlfriend purchased the shotgun 7 months before officers sought a search warrant does not preclude a finding of probable cause.

Finally, Judge Zwart states that the good-faith exception to the exclusionary rule would apply in this case because "there is no showing a reasonable officer would believe the trash pull was unlawful or that the location of the trash container was material, the omission of which would mislead the judge reviewing the application" for the search warrant (filing 25, p. 7). *See United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405 (1984). It must be noted, however, that "under *Leon*, a *Frank*s violation is not excused." *Jacobs*, 986 F.2d at 1235. "[T]he deference accorded to a magistrate's finding of probable cause does not preclude inquiry into the knowing or reckless

falsity of the affidavit on which that determination was based." *Leon*, 468 U.S. 897, 914 & n. 12. For the reasons discussed above, I find Defendant has failed to make the requisite showing for a *Franks* hearing. With that caveat, I agree with Judge Zwart's ultimate conclusion that "[e]ven if the court found that the warrant was deficient because it did not include the facts within Defendant's affidavit, the search of Defendant's residence would still be valid under the *Leon* good-faith exception" (filing 25, p. 7).

## II. CONCLUSION

Defendant is not entitled to an evidentiary hearing because he has failed to make a substantial preliminary showing that (1) the officer omitted facts in the search warrant affidavit with the intent to mislead the issuing judge, or omitted the facts in reckless disregard of the fact that the omissions would mislead, and (2) the affidavit, if supplemented by the omitted information, could not support a finding of probable cause. As pertains to this case, the search warrant was issued with probable cause and was executed in objectively reasonable good faith.

Accordingly,

IT IS ORDERED:

1.      the magistrate judge's findings and recommendation (filing 25) are adopted, as modified by the foregoing memorandum.

2.      Defendant's statement of objections (filing 28) is denied.

3.      Defendant's motion to suppress and request for an evidentiary hearing (filing 20) is denied in all respects.

March 19, 2019.                    BY THE COURT:

                                   s/ *Richard G. Kopf*
                                   Senior United States District Judge